## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**ISA ABDALLAH EL MAHDI El, Plaintiff**

CA NO. 4:24CV23

V

**ELLEN REGINA BOOKER, Defendant**

**CIVIL ACTION PURSUANT TO 18 USC 1964,1965 RICO ACT( 18 USC 1341)**

Now comes the plaintiff Isa AbdAllah El Mahdi El pro-se and filed this civil action pursuant to the Civil RICO statute pursuant to 18 USC 1964,1965 ( 18 USC 1341) ,28 USC 1367

**NATURE OF THE CASE**

1. This is a tort action asserting Virginia state law , Virginia Civil law and Federal Law 18 USC 1964(18 USC 1341)proper.

(c)Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate UnitedStates district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

To establish the claim of fraud obtaining money under false pretenses a plaintiff must prove all the following elements:

Article 3. False Pretenses.

**VIRGINIA CODE § 18.2-178. Obtaining money or signature, etc., by false pretense.**
A. If any person obtain, by any false pretense or token, from any person, with intent to defraud, money, a gift certificate or other property that may be the subject of larceny,,

VIRGINIA CODE 8.2-721. Remedies for fraud.
Remedies for material misrepresentation or fraud include all remedies available under this title for nonfraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy.

18 USC 1341 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or

promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any ...

**PARTIES**

2. Plaintiff Isa A. El Mahdi El is a citizen and resident of PO Box 696 Newport News the State of Virginia 23607

3. Upon information and belief, Ellen R. Booker is a citizen and resident of the State of Virginia , who resides at 76 Glasgow Way Hampton , Virginia 23669 Upon information and belief, Defendant Booker is subject to personal jurisdiction in the United States District Court as she resides in and/or is domiciled in Virginia . In addition, upon information and belief, Booker owns, uses, or possesses real property within the State of Virginia , regularly transacts business as described below within the State of Virginia , and committed a tortious act within the State of Virginia ,by means of Promissory Fraud a predicate act and Bankruptcy Fraud violating the Civil RICO Act 18 USC 1964 , 18 USC 1341.

4. **JURISDICTIONS AND VENUE 28 USC 1367**

This action consists of a Civil RICO ACT pursuant to 18 USC 1965 predicated under 18 USC 1341

This action moves forward under 18 USC 1964 and Pursuant to the Common Law.

Plaintiff who is a citizen of the State of Virginia and Defendant Booker who upon information and belief is a citizen of the State of Virginia.

5. Upon information and belief, Defendant Booker is subject to personal jurisdiction in the United States District Court as she resides in and/or is domiciled in 76 Glasgow Way Hampton,Virginia . In addition, upon information and belief, Booker owns, uses, or possesses real property within the State of Virginia , regularly transacts business as described below within the State of Virginia , and committed a tortious act within the State of Virginia ,by means of Promissory Fraud a predicate act and Bankruptcy Fraud violating the Civil RICO Act 18 USC 1964 , 18 USC 1341.

6. Upon information and belief, Defendant is subject to personal jurisdiction of United States District Court in the State of Virginia as she resides in and/or is domiciled in 76 Glasgow away Hampton Virginia23669.  In addition, upon information and belief, owns, uses, or possesses real property within the State of Virginia , regularly transacts business as described below within the State of Virginia , and committed a tortious act within the State of Virginia , including the torts of Promissory Fraud , Bankruptcy Fraud BC 523(a)(2)(A) and Civil RICO Act .

7. Venue is proper in this District pursuant to 18 USC 1964 Defendant Booker is resident of this US District of Virginia and because upon information and  belief the conduct complained of occurred in this district.

8.The amount in controversy exceeds Seventy Five Thousand dollars ($75,000).

## CIVIL RICO ACT - Essential Factual Elements

Isa A. El Mahdi El claims that Ellen R. Booker defrauded him . To establish this claim, Isa A. El Mahdi El must prove all of the following:

9. That Ellen R. Booker acted, intending to decieve him in order to obtain , money;

10. That Isa A. El Mahdi El reasonably relied on the false statements by the defendant Booker.

11. That Defendant Ellen R. Booker made false statements to obtain money 18 USC 1341 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any ...

12. That it reasonably appeared to Isa A. El Mahdi El that Ellen R. Booker was about to carry out the promissory note obligations but not for the false statements made to the plaintiff .

13. That Isa A. El Mahdi did not consent to Ellen R. Booker's conduct.

14. That Isa A. El Mahdi was harmed; and

15. That Ellen R. Booker's conduct was a substantial factor in causing Isa A. El Mahdi's harm.

## FACTUAL BACKGROUND

(Promissory Fraud, RICO ACT ,fraud by adverse party)

16. Plaintiff repeats and re alleges by reference the allegations in paragraphs 1 through 38 as if fully set forth herein.

17. Upon information and belief, Booker requested a loan from the plaintiff stating that she had her car sold but it was at Title loan and she needed to pay the lien to sell it 01/18/2019

18. The plaintiff loaned the defendant Booker $1996.87 on 01/18/2019 and a promissory note was signed by her with a promise to pay back the plaintiff.

19. On 01/18/2019 the plaintiff accompanied the defendant to title loan and loaned the funds that paid the car loan off .

20. The plaintiff was a victim of this event due to the fact that there was no attempt to repay the plaintiff and after the the plaintiff's attempt to recoup his money the plaintiff filed a small claims court action on 05/16/2019.

21.The Defendant Booker, thereon was sued in small claims court at Newport News Circuit Court on 10/07/2019 and was found liable and judgment against her ordered to repay the plaintiff $1996.87 plus court fees $70.00.

22.The defendant Booker made no attempt to repay the plaintiff after losing a judgment to him. At which point the plaintiff attempted to garnish her wages which was denied because she was already under a garnishment.

23. The Plaintiff , thereupon on 05/22/2021 filed a UCC lien on the defendant with the Virginia Secretary of State and recorded at City of Hampton Circuit Court on 06/01/2021.

24. The defendant Booker unbeknownst to the plaintiff filed a bankruptcy action in the United States Bankruptcy Court in Norfolk Virginia on 05/20/2020.

25. The plaintiff attempted to get the bankruptcy judgment rescinded after he found out that the debt was discharged but was told that he could not do so because the matter had been concluded 09/08/2020.

26. Upon information and belief, Defendant Ellen R.Booker acted deceptively when she obtained the promissory loan with no intention to ever pay back the plaintiff.

27. Upon information and belief, defendant filed the bankruptcy action with the intent to defraud the plaintiff after a judgment was lodged against her for non-payment of the promissory note.

28. Upon information and belief, defendant' Booker committed a fraud by adverse party upon the court by filing a bankruptcy action and claiming the debt owed to the defendant as a matter of law in order to evade a lawful judgment and to further advance her racketeering enterprise of fraud by obtaining money under false pretenses.

29. Upon information and belief, the first and second and third acts by the defendant Booker constitute predicate acts of her continuing enterprise of fraud and racketeering element under the Federal RICO Act and Federal fraud laws 18 usc 1341 state laws on promissory fraud .

31. Until the current time the defendant Booker made no attempt to pay the plaintiff not even $1 towards the promissory note or the judgment against her.

32. Upon information and belief, the actions of the defendant Booker prove that she acted with malice aforethought and false pretenses to obtain money that is fraud, promissory fraud; money from the plaintiff with no intention to ever pay him back.

33. Additionally, the defendant committed fraud by adverse party upon the court filing a bankruptcy action with the debt owed to the plaintiff in order to obstruct justice and further perpetuate her fraud.

34. The plaintiff had relied on the statements made by Defendant Booker that she would pay the plaintiff back pursuant to promissory note agreement. Had not been for the statements made by the defendant Booker and non compliance with paying back the plaintiff the harm would not have come to the plaintiff of being defrauded for $1996.87 plus court fees post judgment $70.00.

35. Plaintiff is entitled to triple damages pursuant to the RICO Statute in the amount of $6200.61

36. Additionally, Plaintiff requests an award of punitive damages $69000 and attorneys' fees beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from defendant's conduct.

37. Plaintiff is entitled to general and special damages as a crime victim.

38. Additionally, Plaintiff requests an award of punitive damages and attorneys' fees beyond and in excess of those damages necessary to compensate Plaintiff for injuries resulting from defendant's conduct.

Additionally, as a direct and proximate result of the foregoing, Plaintiff is entitled to an order permanently enjoining defendant and all their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Ellen R.Booker and her Private Investigator company from harassing, stalking the plaintiff.

**COUNTS**

Count one Promissory fraud a racketeering offense under the RICO ACT

Count two fraud by adverse party upon the court in filing bankruptcy claim on plaintiff which was a fraudulent claim to discharge a debt owed taken under false pretenses

Count three Obstruction of Justice

Count four RICO ACT 18 USC 1962

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court to enter judgment. in his favor and against defendant, and severally, as follows:

(a) Awarding Plaintiff compensatory damages in amounts pertaining to each to be determined at trial, but not less than $6200.61 including general, special, consequential, actual, statutory, and punitive damages in the amount of $69,000.

(b) Awarding including general, special, consequential, actual, statutory, and punitive damages in the amount of $69,000.

Other

(c) Awarding Plaintiff's attorneys' fees and costs.

(d) Prejudgment and post-judgment interest; and

Non-economic damages including compensation for pain and suffering and other losses which are difficult to quantify.

Punitive damages, designed mainly to punish the assailant.

(e) Granting Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

Dated: February 15, 2024     Respectfully submitted, _____

**CERTIFICATION PROOF OF SERVICE**

The plaintiff, Isa A. El Mahdi El (,pro-se do hereby certify under the penalty of perjury that he has mailed a true copy of said Complaint to the Defendants Attorney's address at 2019 Cunningham Dr Hampton, Virginia 23666 On 2/15/2024 mailed via United States Postal Service First Class Mail. _____